# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2026

Lyle W. Cayce
Clerk

No. 25-11169
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JARAE DEMARCUS MORGAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CR-104-1

Before DAVIS, JONES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Jarae Demarcus Morgan pleaded guilty to possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). He argues that the statute of conviction violates the Second Amendment, both on its face and as applied to him, in light of the decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Also, he contends that, under the prevailing

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

interpretation of the "in or affecting commerce" element of § 922(g)(1), the statute is unconstitutional because it exceeds the authority of Congress under the Commerce Clause. Morgan concedes that his challenges are foreclosed and presents them to preserve them for further review. The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time to file a brief.

The parties are correct that Morgan's challenges to § 922(g)(1) based on the Second Amendment are foreclosed. We rejected a facial challenge to § 922(g)(1) in *United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). Regarding Morgan's as-applied challenge, Morgan has a prior felony conviction for burglary of a habitation. We have previously held that burglary is a viable § 922(g)(1) predicate. *See United States v. Schnur*, 132 F.4th 863, 870-71 (5th Cir. 2025); *United States v. Alaniz*, 146 F.4th 1240, 1241 (5th Cir. 2025) ("Founding-era burglary laws support the constitutionality of disarming felony burglary convicts under § 922(g)(1).").

Morgan's challenges based on the Commerce Clause likewise are foreclosed. *See United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). Thus, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the district court's judgment is AFFIRMED.